MANUEL CARDONA, demandante y apelado, *v.* ANGEL NIGAGLIONI, demandado y apeante.

No. 4712.—*Sometido:* Febrero 18, 1931. *Resuelto:* Julio 6, 1932.

*Arjona & Arjona* y *R. Hernández Matos,* abogados del apelante; *Felipe Colón Díaz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Angel Nigaglioni pidió prestado a Manuel Cardona su automóvil para hacer un viaje a un barrio de Yauco, a lo que Cardona accedió gratuitamente. Ese viaje fué hecho pero después de él no fué devuelto el automóvil a su dueño.

En ese viaje encomendó Nigaglioni el manejo del automóvil a Raúl Bacó, que no tenía licencia del Departamento del Interior para manejar vehículos de motor, y el automóvil se fué por un precipicio y se destrozó. Demandó Cardona a Nigaglioni para que le pagase cierta cantidad de dinero como indemnización por su automóvil y dictada sentencia condenatoria interpuso el demandado este recurso de apelación. El único motivo alegado por el apelante es el siguiente:

"Erró la corte al declarar que el accidente se debió a impericia, descuido y negligencia del Sr. Raúl Bacó, así como al declarar que el demandado-apelante con la evidencia del demandante-apelado demostró la existencia de relación causal entre la negligencia del demandado (*sic*) y el daño realizado."

■■ Por el contrato de comodato el dueño de una cosa no fungible la entrega a otro gratuitamente para que use de ella por cierto tiempo y se la devuelva. Artículo 1631 del Código Civil, edición de 1930. Por consiguiente, después de realizado el viaje para el que fué prestado el automóvil a Nigaglioni éste debió devolverlo a Cardona y no habiéndolo hecho debe indemnizarlo de acuerdo con el artículo 1054 de la misma edición del código, preceptivo de que quedan sujetos a la indemnización de daños y perjuicios los que en el cumplimiento de sus obligaciones incurrieren en dolo o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas.

Es cierto que el automóvil quedó destruído con la caída, pero ya ha sido resuelto para contratos de comodato que es obligación ineludible del comodatario devolver la cosa misma a su dueño o abonarle los perjuicios si por culpa del comodatario se hubiere perdido o deteriorado aquélla. Sentencia del Tribunal Supremo de España de 21 de marzo de 1895, Jurisprudencia Civil, tomo 77, página 337.

Es cierto que en el juicio no se demostró acto alguno de impericia de Raúl Bacó en el manejo del automóvil que

fuera causa de que el vehículo se fuera por un risco de la carretera y se destrozara, pero tal prueba no era necesaria en este caso porque de la evidencia resulta que Raúl Bacó no estaba autorizado por el Departamento del Interior para manejar esa clase de vehículos. Nuestra legislatura ha dispuesto en la Ley No. 75 de 1916 para la protección de vidas y propiedades que sólo pueden manejar automóviles por caminos públicos las personas que mediante un examen de su suficiencia y otras condiciones obtengan licencia del Departamento del Interior. Y también ha dispuesto en el artículo quinto, apartado (k), de esa ley lo siguiente:

"Ninguna persona permitirá que un vehículo de motor de su propiedad o que esté bajo su gobierno sea manejado por persona que no esté legalmente autorizada para hacerlo o en contravención de las disposiciones de esta Ley, y ninguna persona tomará a su servicio a un *chauffeur* para manejar su automóvil, sin antes cerciorarse de que posee una licencia adecuada."

Si el apelante hubiese requerido a Raúl Bacó, como era su deber, para que le mostrase su licencia para manejar automóviles se hubiera convencido de que no la tenía. No lo hizo así y permitió que el automóvil que le fué prestado fuese manejado por persona que no había demostrado su suficiencia ante el Departamento del Interior y que en el juicio no se demostró que aun careciendo de ella sabía manejar automóviles. *Maldonado* v. *Hamilton,* 32 D.P.R. 234.

El comodatario debe conservar la cosa que recibe en préstamo como un buen padre de familia y no procede así el que entrega el manejo del automóvil recibido a una persona que no está capacitada para guiarlo. El que recibe una cosa en comodato está obligado a devolverla después del tiempo o del servicio para el cual le fué entregada y al no hacerlo tiene que justificar una causa justa para no entregarla, lo que no ha hecho el apelante.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.